**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| REPLIGEN CORPORATION and THE REGENTS OF THE UNIVERSITY OF MICHIGAN, <br>     Plaintiffs, <br> v. <br> BRISTOL-MYERS SQUIBB COMPANY, <br>     Defendant. | § § § § § § § § § § §    CIVIL ACTION NO. 2-06-CV-4 (TJW) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Repligen Corporation (hereinafter "Repligen") and The Regents of the University of Michigan (hereinafter "Regents") (collectively "Plaintiffs") sued Defendant Bristol-Myers Squibb Company, (hereinafter "Bristol-Myers") for allegedly infringing United States Patent No. 6,685,941 (hereinafter "the '941 patent"). The '941 patent involves the use of a compound called "CTLA4-Ig" to treat autoimmune diseases. Repligen moves this Court to transfer venue to the Eastern District of Michigan. After reviewing the parties' briefs and applicable case law, this Court DENIES Repligen's motion.

**I.    Background**

Bristol-Myers is a multi-national Fortune 500 company with its headquarters and principal place of business in New York. Bristol-Myers's business division relevant to this case is in Seattle, Washington. Repligen is a Massachusetts Corporation with its principal place of business there. The University of Michigan is located in the Eastern District of Michigan. On February 3, 2004, the United States Patent and Trademark Office issued the '941 patent to inventors Drs. Craig Thompson and Carl June. The inventors licensed the patent to the University of Michigan and the Navy, who

in turn licensed the patent exclusively to Repligen.

The '941 patent claims methods of treating patients having multiple sclerosis, systemic lupus, rheumatoid arthritis, and scleroderma, by administering the patient CTLA-4Ig. The FDA approved Bristol-Myers's Biologic License Application No. 125118 on December 23, 2005, which Plaintiffs claim infringes the '941 patent.

Plaintiffs recently litigated an issue of inventorship with regard to another patent (No. 5,434,131) dealing with the same technology. Plaintiffs chose to file that case in the Eastern District of Michigan, and Judge Steeh in the Eastern District of Michigan conducted a bench trial as to inventorship issues.

## II.     Applicable Law

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). If so, under section 1404(a), a court examines "the convenience of the parties and witnesses." *Id*. The convenience determination involves examining several private and public interest factors, none of which is given dispositive weight. *Id*.

The private factors include:

(1) the relative ease of access to sources of proof;

(2) the availability of the compulsory process to secure witnesses' attendance;

(3) the willing witnesses' cost of attendance; and

(4) all other practical problems that make the case's trial easy, expeditious, and inexpensive.

*Id*.

The public factors include:

(1) the administrative difficulties flowing from court congestion;

(2) the local interest in having local issues decided at home;

(3) the forum's familiarity with the governing law; and

(4) the avoidance of unnecessary conflict of law problems involving foreign law's application.

*Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's choice of forum, by itself, is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003); *Z-Tel Communications, Inc. v. SBC Communications, Inc.*, 331 F.Supp.2d 567, 571 (E.D.Tex.2004) (Folsom, J.). A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to the plaintiff's claims. *In re Volkswagen*, 371 F.3d at 204. The Court will not consider the location of the parties' counsel as this factor is not relevant to determining whether transfer is appropriate. *In re Volkswagen*, 371 F.3d at 204.

### III.     Venue in the Eastern District of Michigan

A patent infringement action may be brought in any judicial district "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant resides in a district where it is subject to personal jurisdiction. 28 U.S.C. § 1391(c)). Bristol-Myers is subject to personal jurisdiction in the Eastern District of Michigan because the alleged infringement has, or will occur, in the Eastern District of Michigan. It is not disputed that venue would be proper in the Eastern District of Michigan.

### IV.     Application of the Transfer Factors

The transfer factors must be applied to all claims brought in this case. *See In re Volkswagen*, 371 F.3d at 204. This case involves claims that Bristol-Myers sold or offered for sale the alleged infringing product. After review of all the factors, the Court finds that the reasons to transfer the case do not outweigh the reasons to retain the case in the Eastern District of Texas. Therefore, the Court DENIES Bristol-Myers's motion

The Private Factors

(1) *The plaintiffs' forum choice.*

While the plaintiffs' forum choice is neither controlling nor determinative, it is a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d at 434. Although both plaintiffs reside in the Eastern District of Michigan, they chose to bring this suit in the Eastern District of Texas. Because the plaintiff's choice of forum is given significant consideration, this factor weighs against transfer.

(2) *The relative ease of access to sources of proof.*

Bristol-Myers argues the burden associated with producing documentary evidence in Michigan is easier than transporting and producing the evidence to the Eastern District of Texas. Some of the evidence relating to the research resides in Michigan at the University of Michigan. Plaintiffs assert Bristol-Myers's argument is not compelling because the evidence relevant to this case is dispersed throughout the country and not concentrated in Michigan. The Court finds Plaintiffs' arguments compelling. Even though some of the evidence is likely in Michigan, this Court has previously stated that accessibility and location of sources of proof "are only of slight significance due to the increasing ease of storage, communication, copying, and transportation of documents and information and this Court's mandatory disclosure obligations under Local Rule CV-26 and the additional requirements in the case's Discovery Order." *Cummins-Allison Corp. v. Glory*

*Ltd.*, No. 2:03-CV-358, 2004 WL 1635534, at *6 (E.D. Tex. May 26, 2004).  Further, the evidence outside of Michigan will have to be transported to some extent whether the trial is Marshall or the Eastern District of Michigan.  Therefore, this factor is neutral as to transfer.

(3) *The availability of the compulsory process to secure witnesses' attendance.*

Bristol-Myers has not shown that there are any witnesses within the range of the subpoena power of the Eastern District of Michigan that would be unwilling to travel to the Eastern District of Texas for trial.  Therefore, this factor is neutral as to transfer.

(4) *The willing witnesses' cost of attendance.*

Bristol-Myers has noted that its key witnesses are located in or around Seattle, Washington.  These witnesses will have to travel from home for at least an overnight trip to either Michigan or Texas; therefore, they are not materially more inconvenienced by a trial in Texas than one in Michigan.  Further, Bristol-Myers has not produced any affidavits or supporting information to show that any of the willing witnesses would be more inconvenienced at a trial in Marshall than in the Eastern District of Michigan.  Thus, the Court finds this factor does not support transfer.

(5) *All other practical problems that make the case's trial easy, expeditious, and inexpensive.*

Bristol-Myers's argument focuses on previous litigation in the Eastern District of Michigan involving United States Patent No. 5,434,131 (the '131 patent).  Defendant argues that it would be more efficient to transfer the present case to the Eastern District of Michigan because Judge Steeh in the Eastern District is already familiar with the technology.  Defendant further argues that any collateral estoppel issues, raised based on the previous litigation, would be more efficiently decided by Judge Steeh.

Defendant relies on this Court's ruling in *Acco Brands, Inc. v. PC Guardian Anti-Theft Products, Inc.* to support its argument for transfer. *See Acco Brands, Inc. v. PC Guardian Anti-Theft Products, Inc.*, 2:03-CV-425 (TJW). In *Acco* the Court transferred a case filed in the Eastern District of Texas to the Northern District of California. The Court partially based its decision on the fact that the same parties had been involved in litigation in the Northern District of California for other patents dealing with the same technology. In the previous litigation, the Court in California had issued a claim construction order, and granted Summary Judgement for the defendants on the infringement allegations. *Id.*

The current case is different from *Acco*. Here, the previous litigation involving the '131 patent was solely about the true inventorship of that patent. There is no doubt that Judge Steeh is familiar with the technology at the center of this litigation because of his previous experience with it. However, there was no claim construction ruling or findings of infringement of that patent. Thus, this case is different from *Acco.*

Defendant further argues that Judge Steeh should decide this case because he is more familiar with his factual findings. Plaintiffs argue the issues, patents, and facts were different in the previous litigation. Further, Plaintiffs argue the burden of proof at issue in the previous litigation was different from the burden to be applied in this case. Bristol-Myers has failed to support its argument by raising one issue that would be barred by collateral estoppel. The Court is not persuaded that collateral estoppel issues will predominate the case to a degree that will make it more efficiently tried in the Eastern District of Michigan. In the event that there are collateral estoppel issues raised, this Court is capable of ruling on those issues. As the term implies "collateral estoppel" involves determining what facts were found in other proceedings.

Because the issues in the litigation of the '131 patent were different than the issues of infringement of the '941 patent in the current case, the Court does not feel that judicial efficiency would be better served by transferring the case to the Eastern District of Michigan. Therefore, this factor is neutral as to transfer.

The Public Factors

(1) *The administrative difficulties flowing from court congestion.*

Plaintiffs argue that while the time from filing to disposition of a case filed in the Eastern District of Michigan is virtually the same (approximately ten months), the time from filing to trial is more than six months greater in Michigan than Texas. Bristol-Myers does not dispute Plaintiffs' arguments. Because the additional six months time it would likely take for this case to get to trial in Michigan rather than Texas is not significant, this element only slightly weighs against transfer.

(2) *The local interest in having local issues decided at home.*

Bristol-Myers argues that Texas only has a minor local interest in the case, because the named defendants and plaintiffs reside in Michigan, and they have financial stakes in the outcome. This Court, however, has held that "[t]his District has an interest in enforcing United States patent laws in its jurisdiction, and potential acts of infringement also have an effect on the economy of the Eastern District of Texas." *Jacobs Chuck Manufacturing Co. v. Shandong Weida Machinery Co., Ltd.*, 2005 U.S. Dist. LEXIS 39079 at *11.

Because both the Eastern District of Michigan and the Eastern District of Texas have local interests in the issues, this factor is neutral as to transfer.

(3) *The forum's familiarity with the governing law.*

This Court is familiar with the governing law. Thus, this factor is neutral as to transfer.

(4) *The avoidance of unnecessary conflict of law problems involving foreign law's application.*

This case does not present conflict of law issues. This factor is therefore also neutral as to transfer.

V. **Conclusion**

After weighing all of the factors the Court DENIES Bristol Myers's motion to transfer venue.

SIGNED this 20th day of July, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE